# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **JOHN H. GOINS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:04CV00016 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **JO ANNE B. BARNHART,** ) | By: James P. Jones |
| **COMMISSIONER OF** ) | Chief United States District Judge |
| **SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

In this social security case, I affirm the final decision of the Commissioner.

## *I. Background.*

John H. Goins filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claims for a period of disability and supplemental security income ("SSI") benefits under title XVI of the Social Security Act, 42 U.S.C.A. § 1381-1383d (West 2003 and Supp. 2004) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

My review is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists,

this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Id.*

Goins applied for benefits on May 17, 2002, alleging disability since May 15, 2002, and received a hearing before an administrative law judge ("ALJ") on August 21, 2003. By decision dated September 9, 2003, the ALJ found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed the issues, and the case is ripe for decision.

## II. Facts.

Goins was twenty-five years old at the time of the ALJ's unfavorable decision, making him a "younger-aged individual" pursuant to 20 C.F.R. §§ 404.1563(c) and 416.963(c) (2004). Goins received a General Equivalence Diploma and attended two years of college. He claims disability due to hip pain (R. at 18), and has no past

relevant work history. Goins has not worked since May 15, 2002, the alleged onset date of disability. (R. at 22.)

In determining whether Goins is eligible for benefits, the ALJ reviewed medical records from Lee County Community Hospital; Stone Mountain Health Services; Jai K. Varandani, M.D.; D. Kaye Weitzman, Licensed Clinical Social Worker, "Behavioral Health Consultant," (R. at 175); Rita Brown, MSN, RNCS, FNP; J. Thomas Hulvey, M.D.; and state agency professionals: Gary Parish, M.D.; Julie Jannings, Ph. D.; Richard Surrusco, M.D.; and Ray Milan, Jr., Ph. D.

Based upon the evidence, the ALJ determined that the plaintiff has no past relevant work but has the residual functional capacity ("RFC") to perform sedentary work,[1] as defined in the regulations. Therefore, using the Medical-Vocational Guidelines the ("Grids"),[2] the ALJ determined that Goins was not disabled.

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers and small tools. Sedentary jobs require mostly sitting with occasional walking and standing to carry out job duties. 20 C.F.R. § 416.967(a) (2004).

[2] The Social Security Administration's regulations include medical-vocational guidelines, the "grids," which reflect various combinations of exertional capabilities, age, education and work experience. Depending on the combination of factors in each case, these grids direct a finding of "disabled" or "not disabled." 20 C.F.R., pt. 404, subpt. P, app. 2 (2004).

*III. Analysis.*

The plaintiff contends that there is not substantial evidence to support the ALJ's findings that he is capable of performing sedentary work. Specifically, the plaintiff argues that the ALJ erred by: (1) improperly determining his RFC; (2) failing to find that he suffers from a severe non-exertional impairment; and (3) failing to summon a vocational expert to testify as to the effect of non-exertional impairments on his ability to perform sedentary work. For the following reasons, I disagree.

*A*

The plaintiff first argues that the ALJ erred by improperly determining his RFC. The plaintiff contends that the ALJ failed to give controlling weight to his treating sources, resulting in an erroneous finding that he is capable of performing the full range of sedentary work. (Pl.'s Br. at 6.)

The determination of a claimant's RFC is solely left to the ALJ. *See* 20 C.F.R. § 404.1546 (2004). While the ALJ is to consider all relevant evidence of record in determining RFC, there is no specific requirement that the ALJ consider a RFC assessment from a treating physician. *See* 20 C.F.R. § 404.1545 (2004). The ALJ has the duty to evaluate the medical evidence and determine what weight if any should be afforded to that evidence. *See* 20 C.F.R. §§ 404.1527, 416.927 (2004). If the evidence is inconsistent with or not supported by the other evidence, the ALJ is

entitled to give that evidence less weight in his decision. *See* §§ 404.1527 (d)(3)-(4), 416.927(d)(3)-(4) (2004). In addition, the ALJ's determination will not be disturbed absent a showing of "specious inconsistencies," *Scivally v. Sullivan*, 966 F.2d 1070, 1076-77 (7th Cir. 1992), or failure to give good reason for the weight afforded a particular opinion. *See* 20 C.F.R. § 404.1527(d) (2004).

The regulations provide that a treating source's opinion on the nature and severity of impairments will be given controlling weight. *See* 20 C.F.R § 404.1527(d)(2). However, the ALJ must determine if the opinion of the physician is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, and therefore entitled [to] controlling weight." *Pittman v. Massanari*, 141 F. Supp. 2d. 601, 608 (D. N.C. 2001). "[B]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Therefore, circuit precedent does not require that a treating physician's testimony "be given controlling weight." *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992).

In this case, the plaintiff asserts that the ALJ failed to give substantial weight to the opinions of his treating sources, Drs. Hulvey and Varandani; Family Nurse

Practitioner Brown; and Licensed Clinical Social Worker Weitzmen. While the ALJ did not specifically discuss Dr. Hulvey's findings, the ALJ's opinion is not contrary to those findings. Dr. Hulvey opined that the plaintiff would have "[a] fairly serious problem in the future with his right hip and that any treatment . . . was really to try to decrease . . . disability." (Pl.'s Br. at 7.) In other words, Dr. Hulvey had not made a finding as to the plaintiff's abilities at the time of the plaintiff's alleged onset of disability. In fact, his findings were from February 1987, nearly fifteen years prior to the alleged onset date, and they fail to state exactly when in the future a serious problem would occur, or what type of problem it would be. (R. at 238.) Therefore, the ALJ did not err in failing to give more weight to the findings of Dr. Hulvey, as those findings were not central to deciding if the plaintiff was disabled at the time of the decision.

As for Dr. Varandani, the ALJ determined that his opinion was inconsistent with the record. Dr. Varandani noted that the plaintiff's right hip has a severe deformity, and in a letter opined that the plaintiff could lift no more than five to ten pounds and was able to sit for only sixty minutes and stand for thirty to forty minutes at a time. (R. at 122.) Although the ALJ agreed that the plaintiff's right hip is a severe impairment (R. at 20), he noted that Dr. Varandani's other findings are inconsistent with the other evidence of record. (*Id.*) Specifically, the ALJ noted that

while Dr. Varandani opined that the plaintiff can sit for no longer than thirty to forty minutes at a time, the plaintiff did not require treatment until after a pain flare up from performing heavy lifting. (R. at 21.) In addition, the plaintiff has received only over-the-counter medications for his pain, and has reported that he plays cards, reads books, and talks and visits with family and friends for most of the day. (*Id.*) Moreover, the findings of two state agency physicians directly contradict Dr. Varandani, stating that the plaintiff is capable of sitting for six hours in a work day with breaks. (R. at 127, 151.) Therefore, it was appropriate for the ALJ to give less weight to the findings of Dr. Varandani because those findings were inconsistent with the other medical evidence.

As for the opinion of Brown, a family nurse practitioner, the ALJ noted that the plaintiff only saw Brown days before the hearing. (R. at 21.) Brown assessed the plaintiff and found that he suffered from right hip pain due to Leggs-Perthes[3]. (R. at 117.) However, Brown's assessment is not inconsistent with the ALJ's opinion, nor would her assessment require a finding of disability. Indeed, Brown found that the plaintiff could return to work and perform the duties of a clerk with the limitation of

---

[3] Leggs-Perthes disease is a disorder characterized by noninflammatory, noninfectious derangement of the normal process of bony growth of the hip. It has a maximum incident between the ages of five and ten years with a predilection for males and is usually unilateral. Chief symptoms are pain in the hip joint and disturbance in gait, usually of gradual onset and slow progression. *The Merck Manual* 2413-14 (17th ed. 1999.)

not lifting more than twenty pounds. (R. at 118.) Therefore, the ALJ did not disregard the findings of Brown, but rather gave appropriate weight to those findings.

As for the findings of Weitzmen, a licensed clinical social worker, the ALJ determined that she was not a qualified source and that her findings were not supported by the record. (R. at 20.) The findings of Weitzmen were based on the plaintiff's subjective complaints, in a one time visit for a complaint of mood swings. *Id.* Moreover, "social workers are not included in the list of acceptable medical sources." *Bird v. Apfel*, 43 F. Supp. 2d 1286, 1291 (D. Utah 1999); *see also Williams v. Apfel*, No. C-99-3831, 2000 WL 274199, at *5 (N.D. Cal. Feb. 28, 2000) (finding that a licensed clinical social worker does not fall within one of the six categories of "acceptable medical sources" under the Act, 20 C.F.R. § 416.913(a)). Because the opinion of Weitzmen is outside the range of acceptable sources and not supported by the record the ALJ did not err in rejecting it.

*B*

The plaintiff's second argument is that the ALJ failed to find that he suffers from a severe non-exertional impairment. The Fourth Circuit has states that "[a]n impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere

with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984).

The record indicates that the plaintiff suffers from mild depression, and that he reported that he had been doing well. (R. at 20.) However, the primary evidence that the plaintiff is under a severe mental impairment is from the plaintiff's subjective complaints, and the ALJ found that the plaintiff is not creditable. (R. at 23.) Credibility determinations are for the ALJ, not this court, to make. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990.) Finally, the only other evidence that the plaintiff suffers from a mental impairment is given by Brown, and, as discussed above, Brown is not a qualified source. Therefore, the ALJ did not err in finding that the plaintiff does not suffer from a severe mental impairment, and that finding is supported by substantial evidence.

*C*

Finally, the plaintiff contends that the ALJ erred by failing to summon a vocational expert to testify as to the effect of non-exertional impairments on his ability to perform sedentary work. Specifically, the plaintiff asserts that use of the Grids was inappropriate because he suffers from a severe non-exertional impairment. *See McLain v. Schweiker*, 717 F.2d 866, 869-870 n.1 (4th Cir. 1983). Because the ALJ did not err in his determination that the plaintiff does not suffer from a severe

- 9 -

non-exertional impairment, the use of the Grids was appropriate, and thus the ALJ's decision is supported by substantial evidence.

*IV. Conclusion.*

For the foregoing reasons, the Commissioner's motion for summary judgment will be granted.

An appropriate final judgment will be entered.

DATED: July 8, 2005

 /s/ JAMES P. JONES
Chief United States District Judge